# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0422-24

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

OMAR SALOUKHA,

      Defendant-Appellant.

_____

Submitted March 18, 2026 – Decided April 8, 2026

Before Judges Mayer and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 18-03-0252.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Susan Brody, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Julie Serfess, Chief Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Omar Saloukha appeals from a September 24, 2024 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Based on our de novo review of the record and the application of well-established case law, we conclude defendant failed to establish a prima facie case of ineffective assistance of counsel and affirm.

We are fully familiar with the facts and procedural history concerning this matter having affirmed defendant's conviction and sentence on direct appeal. State v. Saloukha, No. A-3414-18 (App. Div. Jan. 28, 2022) (slip op. at 2), certif. denied, 252 N.J. 27 (2022).

Defendant was indicted on two counts of third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(b)(5)(b); second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(b)(5)(a); and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(b)(5)(a)(iii). "The charges against defendant arose from the allegations that he possessed child pornography on his computer, and that some of that pornography was available for download by other users of a peer-to-peer computer network." Saloukha, slip op. at 2.

On August 6, 2018, during a pretrial motion hearing, the trial court inquired of counsel as to whether defendant would be obtaining a "forensic report." Trial counsel advised: "I don't believe we're going to be hiring an

A-0422-24

expert. We did get the [State's] report last week. It was voluminous. We went through it on Friday with [defendant] in detail. At this point I don't expect we will be doing that."

On September 11, 2018, in his closing statement to the jury, trial counsel queried: "[W]ho downloaded the videos?" Counsel stated "[f]ive men lived in that home. Five adult men. Four of them were there the day th[e detective] showed up." In addition, counsel contended "[t]he laptop . . . was in a room unlocked that five men had access to. Five men had access to that computer." Counsel stated the detective "couldn't tell us . . . who was behind the computer on the day that the files were downloaded." The jury convicted defendant on all four charges.

Defendant filed a petition for PCR. On April 3, 2024, the PCR court stated the salient issues were whether trial counsel's representation was deficient for failure to retain or explore the retention of an IT expert and whether trial counsel properly advised or discussed with defendant his right to accept a plea. The court adjourned the hearing to allow the parties to order transcripts of previous hearings where those issues were discussed and to allow the parties to file supplemental materials.

A-0422-24

The parties returned to court on July 19, 2024. PCR counsel stated, "the State's case at trial was overwhelming to say the least." Therefore, counsel argued it was "inexcusable" that trial counsel did not "put forth an effective defense" such as never hiring an IT or computer expert. PCR counsel contended defendant's "position is that if . . . an IT expert was hired[,] he could maybe somehow prove that there were holes in the State's case that could point to the fact that these pictures and video[s] were linked to someone else besides" defendant. The PCR court reserved its decision.

On September 24, 2024, the PCR court placed its decision on the record. The court considered the applicable PCR court rule and controlling case law. The court stated it did not find "that . . . defendant has demonstrated by a preponderance of the credible evidence that he's entitled to the relief requested." The court "[s]imilarly . . . f[ou]nd[] . . . defendant . . . failed to establish a prima facie case to warrant an evidentiary hearing."

As to trial counsel's failure to retain an expert, the PCR court found "defendant's bald unsupported claim does not satisfy the threshold of prima facie evidence." The court stated, "there's no question that . . . defendant failed to submit any . . . affidavits or . . . certifications to support his claim that the computer was incapable of file sharing or downloading the alleged videos."

4

Further, the PCR court stated, "strategic or tactical decisions . . . [a]re virtually unassailable" and "the transcript from the August 6[], 2018 proceeding clearly demonstrates that the issue of retaining an expert was explored and rejected by trial counsel and . . . defendant prior to going to trial."

In addition, the PCR court found "defendant fail[ed] to show that but for trial counsel's failure to retain an IT or computer expert the result of the trial would have been different." The court stated trial counsel explored on cross-examination that others could have had access to the computer. The court concluded "there's nothing . . . to show that an . . . expert would have altered the outcome of the trial, especially where, . . . the State forensic examination of the defendant's computer uncovered a substantial amount of child pornography and . . . defendant admitted that he used certain programs to download and view the videos."

On appeal, defendant presents the following argument for our consideration:

> THE PCR COURT ERRED IN FINDING THAT TRIAL COUNSEL HAD NOT BEEN INEFFECTIVE IN FAILING TO ENGAGE A COMPUTER EXPERT.

Defendant argues "[t]he State presented expert testimony to the effect that the laptop was indeed capable of" "stor[ing] and/or distribut[ing] child

A-0422-24

pornography" and "[g]iven the weight of the State's evidence and the absence of any valid defense to the charges other than an attempt to cast blame on [defendant's] brothers, . . . defense counsel [had] to take any possible steps to counter the charges."  He contends because defense counsel "failed to do so [he] establishes a prima facie case of ineffectiveness."[1]

When the PCR court does not hold an evidentiary hearing, it "is within our appellate authority" "to conduct a de novo review of both the factual findings and legal conclusions of the PCR court."  State v. Harris, 181 N.J. 391, 421 (2004); see also State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020); State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014).

PCR "is New Jersey's analogue to the federal writ of habeas corpus."  State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)).  It "provide[s] a built-in 'safeguard that ensures that a defendant [i]s not unjustly convicted.'"  State v. Nash, 212 N.J. 518, 540 (2013) (quoting State v. McQuaid, 147 N.J. 464, 482 (1997)).

---

[1]  On appeal, defendant has not briefed issues regarding a plea.  Thus, those issues are deemed waived on appeal.  See N.J. Dep't of Env't Prot. v. Alloway Twp., 438 N.J. Super. 501, 505-06 n.2 (App. Div. 2015) ("An issue that is not briefed is deemed waived upon appeal.").

6

Under Rule 3:22-2(a), "[a] petition for [PCR] is cognizable if based upon . . . [a s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey[.] . . ."  "Those accused in criminal proceedings are guaranteed the right to counsel to assist in their defense."  State v. Gideon, 244 N.J. 538, 549 (2021) (citing U.S. Const. amend. VI; N.J. Const. art. I, ¶ 10).[2]  "[I]t is not enough '[t]hat a person who happens to be a lawyer is present at trial alongside the accused,' rather, the right to counsel has been interpreted by the United States Supreme Court and [the New Jersey Supreme] Court as 'the right to the effective assistance of counsel.'"  Id. at 550 (second alteration in original)

---

[2]  The Sixth Amendment to the Constitution of the United States provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

Article I, Paragraph 10 of the Constitution of the State of New Jersey provides: "In all criminal prosecutions the accused shall have the right . . . to have the assistance of counsel in his defense."

(citation omitted) (quoting Strickland v. Washington, 466 U.S. 668, 685-86 (1984)).[3]

To establish a prima facie claim for ineffective assistance of counsel, a defendant must satisfy the two-prong test established in Strickland. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

"[I]n order to establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Instead, "when a petitioner claims his trial attorney inadequately investigated his case, he must assert the facts that an investigation would have revealed, supported by

---

[3] In State v. Fritz, 105 N.J. 42 (1987), the New Jersey Supreme Court adopted the Strickland standards.

affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Ibid.

Under "the 'second, and far more difficult, prong,'" a defendant must show that his or her defense was prejudiced by counsel's purported ineffective assistance. Gideon, 244 N.J. at 550 (quoting Preciose, 129 N.J. at 463). The defendant must demonstrate "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. "Prejudice is not to be presumed." Gideon, 244 N.J. at 551 (citing Fritz, 105 N.J. at 52). "The defendant must 'affirmatively prove prejudice.'" Ibid. (quoting Strickland, 466 U.S. at 693).

If a defendant fails to "make[] both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Strickland, 466 U.S. at 687.

A defendant "must establish the right to [PCR] by a preponderance of the credible evidence." Preciose, 129 N.J. at 459 (citing State v. Mitchell, 126 N.J. 565, 579 (1992)). "R[ule] 3:22-1 does not require evidentiary hearings to be held on [PCR] petitions [and] R[ule] 3:22-10 recognizes judicial discretion to conduct such hearings." Cummings, 321 N.J. Super. at 170. An evidentiary hearing is held when "there are material issues of disputed fact that cannot be

resolved by reference to the existing record." R. 3:22-10(b). PCR "courts ordinarily should grant evidentiary hearings to resolve ineffective-assistance-of-counsel claims if a defendant has presented a prima facie claim in support of" PCR. Preciose, 129 N.J. at 462. "[C]ourts should view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim." Id. at 462-63. "A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim . . . will ultimately succeed on the merits.'" State v. Porter, 216 N.J. 343, 355 (2013) (quoting R. 3:22-10(b)).

Applying this well-established law, we conclude there is no merit to defendant's argument that trial counsel's representation was deficient for failing to retain an expert. First, in the absence of an affidavit or certification from an expert regarding defendant's computer, his argument amounts to nothing more than a bald assertion. A bald assertion cannot establish a prima facie case of ineffective assistance of counsel. See Cummings, 321 N.J. Super. at 170.

Second, our review of the August 6, 2018 transcript reveals trial counsel and defendant considered hiring an expert, but decided not to proceed. This decision presents reasonable trial strategy, especially considering the overwhelming evidence against defendant. See Strickland, 466 U.S. at 689.

10                                                                    A-0422-24

Further, in addition to the PCR court's review of trial counsel's vigorous cross-examination of the trial witnesses, trial counsel's closing statement to the jury reveals the strategy that others had access to the computer and perhaps "someone else had downloaded and stored videos on that computer[.]"  Again, this was a reasonable trial strategy.  See ibid.

Because we conclude there is no merit to defendant's contention that trial counsel's representation was deficient, we do not reach the issue of prejudice.  On these facts, we conclude there was no abuse of discretion in denying an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

11                                                                    A-0422-24